J. SCOTT GERIEN (SBN 184728)
sgerien@dpf-law.com
JOY L. DURAND (SBN 245413)
jdurand@dpf-law.com
DICKENSON, PEATMAN & FOGARTY
1500 First Street, Suite 200
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 340- 7239

Attorneys for Plaintiff
JAM CELLARS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAM CELLARS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> 1815 CARNEGIE SANTA ANA, CORP. and BUILT NOT BOUGHT LLC, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT** <br><br> **Federal Trademark Infringement** <br> **Federal Unfair Competition and Trade Dress Infringement** <br> **Unfair Competition Under Cal. Bus. & Prof. Code §17200** <br> **California False or Misleading Statements** <br> **California Trademark Dilution** <br> **Common Law Trademark Infringement** <br> **Common Law Unfair Competition** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff JAM CELLARS, INC. ("Plaintiff") for its Complaint against Defendants 1815 CARNEGIE SANTA ANA, CORP. ("Defendant 1815") and BUILT NOT BOUGHT LLC ("Defendant BNB") (Defendant 1815 and Defendant BNB are referred to collectively as "Defendants") alleges as follows:

## NATURE OF ACTION

1.  This is an action to redress violations of the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. §1114), federal unfair competition and trade dress infringement (15 U.S.C. §1125(a)), California unfair competition (Cal. Bus. & Prof. Code §17200),

the dissemination of false and misleading statements (Cal. Bus. & Prof. Code §17500), California trademark dilution (Cal. Bus. & Prof. Code §14247) and common law trademark infringement and unfair competition, as the result of willful and unauthorized use by Defendants of Plaintiff's BUTTER trademark and trade dress, as more fully set forth hereinafter.  Plaintiff seeks preliminary and permanent injunctive relief restraining Defendants' infringement of Plaintiff's trademark and trade dress, monetary damages, attorneys' fees and related relief.

**THE PARTIES**

2. Plaintiff is a California corporation with its corporate offices located at 1300 1st Street, Suite 468, Napa, California 94559.

3. Defendant 1815 is a California corporation with its principal place of business at 2840 S Croddy Way, Suite A, Santa Ana, California 92704.  Defendant 1815 owns California cannabis retail license number C10-0000893-LIC and operates a cannabis dispensary under the service mark BUTTER.

4. Defendant BNB is a limited liability company organized under the laws of the state of California with its principal place of business at 3944 Segerstrom Santa Ana, California 92704. Defendant BNB owns California Registration No. 02027653 for the service mark BUTTER (Stylized) for "retail store services featuring cannabis goods and clothing".

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over Plaintiff's claims under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1116-1127.  This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

6. Upon information and belief, Defendants, either directly or through their agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected their acts to have consequence in the State of California and within this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the

1 infringement occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Civil Local Rule 3-2(c) this is an intellectual property matter which is to be assigned on a district-wide basis.

## ALLEGATIONS COMMON TO ALL CLAIMS

9. Plaintiff is the owner of the trademark BUTTER for wine as well as the owner of incontestable U.S. Trademark Registration No. 3,999,253 for BUTTER for wine in International Class 33, issued on July 19, 2011, with constructive rights dating back to April 11, 2010. Plaintiff has used the BUTTER mark on and in association with wine since as early as 2010, long prior to the acts of Defendants complained of herein.

10. Plaintiff's BUTTER mark for wine is inherently distinctive. The inherent distinctiveness of Plaintiff's BUTTER mark is presumed and incontestable given its ownership of the incontestable federal trademark registration for the BUTTER mark.

11. Plaintiff produces Chardonnay, Cabernet Sauvignon and sparkling wine under the BUTTER mark. Plaintiff's BUTTER wines feature Plaintiff's distinctive yellow and black BUTTER trade dress. The image below depicts Plaintiff's BUTTER mark and trade dress:



12. BUTTER wine is offered for sale in forty-eight (48) states, including the state of California. Since its first release of just 1,000 cases in 2010, the BUTTER brand has experienced remarkable success and numerous years of triple-digit revenue growth. Today, a bottle of BUTTER Chardonnay is sold on average every 3.3 seconds and Plaintiff's BUTTER Chardonnay is the number two ranked Chardonnay in the U.S. in its price segment.

13. Since, 2010, Plaintiff has sold over fifty-nine million (59,000,000) bottles of

1  BUTTER wine nationwide.  In 2023 alone, Plaintiff sold over eight million (8,000,000) bottles of
2  BUTTER wine.
3        14.     Since 2010, Plaintiff's dollar sales of its BUTTER wine have been in excess of four
4  hundred ninety million dollars ($490,000,000).  In 2023 alone, Plaintiff's sales of its BUTTER wine
5  were in excess of seventy-four million dollars ($74,000,000), with a retail value of such wine in excess
6  of one hundred thirty million dollars ($130,000,000).
7        15.     Since 2010, Plaintiff has expended over twenty-five million dollars ($25,000,000) in
8  advertising and marketing its BUTTER wine, including radio advertising, social media advertising,
9  billboard advertising, concert and event sponsorships, direct marketing, promotions, wine tastings,
10 catalog and print advertisements, website advertising, and point of sale materials.  Plaintiff's
11 advertising and marketing efforts in 2023 generated over 4.9 billion impressions in radio, digital, social
12 media, out-of-home advertising and public relations.
13       16.     Plaintiff has been a sponsor of the BottleRock Napa Valley music festival, which has
14 become one of the biggest music festivals in California and on the West Coast, every year since 2015.
15 Plaintiff has been the BottleRock Napa Valley Presenting Sponsor from 2016 to 2024, resulting in
16 Plaintiff's BUTTER brand and trade dress being prominently featured and seen, collectively, by
17 millions of BottleRock festival attendees.  Plaintiff has also been the official wine sponsor of the
18 Ohana Festival, a three-day music festival in Dana Point, California, and the Voodoo Music + Arts
19 Experience, a multi-day music and arts festival in New Orleans, Louisiana, since 2017.
20       17.     Plaintiff's BUTTER wine was awarded a gold medal at the 2017 San Francisco
21 Chronicle International Wine Competition and a silver medal at the 2016 San Francisco Chronicle
22 International Wine Competition, received a #1 ranking from wine professionals in the Judgment of
23 Oakland at the 2016 Oakland Wine Festival, a gold medal at the 2018 San Diego International Wine
24 & Spirits Challenge, and has been named an "Impact Hot Brand Award Winner" by Impact Magazine
25 for five years in a row (2016-2020).  To be considered for an Impact "Hot Brand" Award, wineries
26 must show a minimum depletion of 250,000 cases annually and reflect at least a 10 percent volume
27 growth in the past three calendar years or 15 percent growth in 2018 over 2017.
28       18.     For three consecutive years beginning in 2020, Plaintiff's BUTTER brand has



1 received an Impact Blue Chip Award from M. Shanken Communications, the leading publisher of industry magazines including *Wine Spectator*, *Impact*, and *Market Watch*. To be considered for a Blue Chip Award, wines must demonstrate a decade of consistent volume growth or an average annual compound growth rate of at least 1.5% from for the ten prior calendar years, and at least eight annual increases over the prior ten calendar years. The recipient wines are required to achieve an annual gross profit exceeding $25 million and deplete at least 500,000 nine-liter cases in the year that the award was given.

19. As evidenced by Plaintiff's sales, advertising and accolades for the BUTTER wine, the BUTTER mark and trade dress is famous within the state of California, with extreme fame in throughout the state. Accordingly, Plaintiff owns extremely valuable goodwill in its BUTTER mark and trade dress and the mark has extraordinary financial value.

20. As a result of the wide, continuous advertising and distribution of Plaintiff's BUTTER wine since as early as 2010, the BUTTER mark and trade dress has also acquired distinctiveness among wine consumers.

21. Defendant 1815 uses the BUTTER mark in connection with a cannabis dispensary and related goods including, but not limited to cannabis, vaporizers, pre-made cannabis cigarettes, cannabis tinctures, cannabis infused chocolates, t-shirts and collectible pins. Defendant 1815 also uses the BUTTER mark on signage, advertising, marketing and promotional materials, on a website that it operates located at gobutter.com, in social media on Instagram @buttersantaana and Facebook, and in other manners in connection the sale of cannabis related goods and services.

22. Defendant 1815 also uses Plaintiff's distinctive yellow and black trade dress and a stylized letter "T" featuring a vertical stem that descends below the baseline of the BUTTER mark, mimicking the stylization of the letter "T" in Plaintiff's BUTTER mark. Below are images from Defendant 1815's website and Facebook site depicting its use of the mark BUTTER:

 

23. Upon information and belief, Defendants adopted the BUTTER mark and trade dress to capitalize upon the great success of Plaintiff's BUTTER brand, to trade upon the goodwill and substantial recognition associated with Plaintiff's BUTTER mark and trade dress, and to unfairly compete with Plaintiff's BUTTER brand by misleading consumers as to the origin of Defendants' BUTTER brand.

24. Upon information and belief, Defendants' use of Plaintiff's BUTTER mark and trade dress is designed to cause confusion, mistake or deception.

25. Upon information and belief, Defendants' purpose is to cause consumers and potential customers to believe that Defendants' BUTTER goods and services are associated with Plaintiff or its wine when no such association exists.

26. On February 20, 2023, Defendant BNB filed a service mark application for Registration with the California Secretary of State to register the mark BUTTER (Stylized) in class 35 for "retail store services featuring cannabis goods and clothing". Defendant BNB's service mark application was issued on February 20, 2023 and bears Registration No. 02027653.

27. Upon information and belief, Defendant BNB licenses the BUTTER (Stylized) mark to Defendant 1815.

28. Wine and cannabis are related goods and are competitive with one another in that consumers seek out both products when seeking to unwind and relax. Furthermore, alcohol and cannabis are sold to consumers under the same marks, and there are numerous brands of cannabis-infused wine in the marketplace. Defendants BUTTER mark and trade dress is identical to or substantially similar to Plaintiff's BUTTER mark and trade dress.

29. Defendants' adoption and/or use of the BUTTER mark in commerce is subsequent to Plaintiff's adoption, use and registration of its BUTTER mark.

30. Consumers identify Plaintiff's BUTTER trade dress with Plaintiff exclusively as the single source of wine featuring such trade dress. The components of Plaintiff's trade dress are nonutilitarian and nonfunctional in nature and have acquired secondary meaning in the marketplace.

31. Defendants' BUTTER mark and trade dress is confusingly similar to Plaintiff's BUTTER mark and trade dress, given that the word marks are identical, utilize the same color

combination (i.e., yellow and black), feature similar stylization and are used on related goods and services, namely, wine and cannabis.

32. Use of Plaintiff's BUTTER mark and trade dress by Defendants is likely to confuse consumers into believing that Defendants' BUTTER goods and services are affiliated with, associated with, connected to, or sponsored by Plaintiff and its popular BUTTER wine, and Defendants will unjustly benefit from such association.

33. Defendants' infringing use of the mark BUTTER will unjustly increase the profitability of Defendants' BUTTER brand to the detriment of Plaintiff and at no cost to Defendants.

34. Defendants' infringing use of the confusingly similar BUTTER mark and trade dress will financially harm Plaintiff by diminishing the value of Plaintiff's BUTTER mark and trade dress.

35. Defendants' use of the BUTTER mark and trade dress will also diminish the value of Plaintiff's BUTTER mark and trade dress and endanger the ability of Plaintiff's BUTTER Mark and trade dress to serve as unique and distinctive source indicators for Plaintiff and/or Plaintiff's goods.

36. Unless restrained by this Court, Defendants will unfairly compete with Plaintiff by using the BUTTER mark and trade dress, wherefore Plaintiff is without adequate remedy at law.

37. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendants' conduct further entitles Plaintiff to punitive damages.

## FIRST CAUSE OF ACTION

(Federal Trademark Infringement under 15 U.S.C. §1114)

38. Defendants' above-averred actions constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of Defendant's aforesaid goods or services in violation of 15 U.S.C. §1114.

## SECOND CAUSE OF ACTION
(Federal Unfair Competition and Trade Dress Infringement under 15 U.S.C. §1125(a))

39. Defendants' above-averred actions constitute use in commerce of a word, name, device, or any combination thereof, and false designation of origin which is likely to cause confusion,

or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with Plaintiff or as to the origin, sponsorship or approval of the goods offered in connection therewith in violation of 15 U.S.C. §1125(a).

**THIRD CAUSE OF ACTION**
(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

40.     Defendants' actions described above related to use of the BUTTER trademark and trade dress in commerce constitutes unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

**FOURTH CAUSE OF ACTION**
(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

41.     The Defendant's above-averred actions related to use of the BUTTER trademark and trade dress in commerce constitutes the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

**FIFTH CAUSE OF ACTION**
(Dilution under Cal. Bus. & Prof. Code § 14247)

42.     The Defendants' above-averred actions related to use of the BUTTER trademark and trade dress in commerce constitute dilution in violation of Cal. Bus. & Prof. Code §14247 as Plaintiff's BUTTER mark is famous within the state of California as a designation of source of Plaintiff's goods and Defendants' BUTTER mark will call to mind Plaintiff's BUTTER mark by the public so as to impair the distinctiveness of Plaintiff's BUTTER mark and harm the reputation of Plaintiff's BUTTER mark.

**SIXTH CAUSE OF ACTION**
(Common Law Trademark Infringement)

43.     The Defendants' above-averred actions related to use of the BUTTER trademark and trade dress in commerce constitute trademark infringement and passing off in violation of the common law of California.

///

**SEVENTH CAUSE OF ACTION**
(Common Law Unfair Competition)

44. The Defendants' above-averred actions related to use of the BUTTER trademark and trade dress in commerce constitute use of a false designation of origin in violation of the common law of California.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1. That Defendants and their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

   a. Using the mark BUTTER, or any term or mark confusingly similar to Plaintiff's BUTTER mark, in connection with the advertisement, promotion, distribution, offering for sale or selling of cannabis, or products or services related to cannabis;

   b. Using Plaintiff's BUTTER trade dress in connection with the advertisement, promotion, distribution, offering for sale or selling of cannabis, or products or services related to cannabis;

   c. Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and Defendants are one in the same or are in some way connected or that Plaintiff is a sponsor of Defendants or that the goods of Defendants originate with Plaintiff or are likely to lead the trade or public to associate Defendants with Plaintiff;

2. A declaration that Defendant BNB's California service mark registration for the BUTTER mark, Registration No. 02027653, is so similar to Plaintiff's registered BUTTER mark as to be likely to cause confusion or mistake, or to deceive, and therefore Registration No. 02027653 should be canceled under California Business and Professions Code section 14230 and an order directed to the California Secretary of State to cancel Defendant BNB's Registration No. 02027653.

///

3. That Defendants be required to file with the Court, and serve on Plaintiff, statements under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

4. That Defendants and their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, packaging, and any other materials bearing the infringing mark together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

5. That Defendants be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's mark, in an amount to be determined at trial;

6. That Plaintiff's damages be trebled and that Defendants be ordered to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

7. That Plaintiff be awarded punitive damages as a result of Defendants' conduct;

8. That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.

DATED: January 25, 2024        DICKENSON, PEATMAN & FOGARTY

By: _____
J. Scott Gerien (SBN 184728)
sgerien@dpf-law.com
Joy L. Durand (SBN 245413)
jdurand@dpf-law.com
1500 First Street, Suite 200
Napa, CA 94559
Tel. No.: (707) 261-7000

Attorneys for Plaintiff
JaM Cellars, Inc.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury in this matter.

DATED: January 25, 2024                    DICKENSON, PEATMAN & FOGARTY

By: _____
J. Scott Gerien (SBN 184728)
sgerien@dpf-law.com
Joy L. Durand (SBN 245413)
jdurand@dpf-law.com
1500 First Street, Suite 200
Napa, CA 94559
Tel. No.: (707) 261-7000

Attorneys for Plaintiff
JaM Cellars. Inc.